```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
MELANIA RIVERA                :    Civ. No. 3:18CV02001(SALM)
                              :
v.                            :
                              :
ANDREW M. SAUL,               :    November 21, 2019
COMMISSIONER, SOCIAL          :
SECURITY ADMINISTRATION       :
                              :
------------------------------x
```

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES IN ACCORDANCE WITH STIPULATION**

Plaintiff Melania Rivera ("plaintiff") filed an application for Disability Insurance Benefits on January 12, 2016, alleging disability beginning October 1, 2015. See Certified Transcript of the Administrative Record, Doc. #16, compiled on January 29, 2019, (hereinafter "Tr.") at 51. Plaintiff's application was denied initially on March 2, 2016, see Tr. 69, and upon reconsideration on April 20, 2016, see Tr. 75. On September 28, 2017, plaintiff, represented by a prior attorney, appeared and testified, through an interpreter, before Administrative Law Judge ("ALJ") John Noel. See Tr. 33-45. On October 27, 2017, the ALJ issued an unfavorable decision. See Tr. 18-27. On October 9, 2018, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's October 27, 2017, decision the final decision of the Commissioner. See Tr. 1-3.

1

Plaintiff, represented by Attorney Olia Yelner, filed the Complaint in this case on December 7, 2018. [Doc. #1]. The parties consented to the undersigned's jurisdiction on December 27, 2018. [Doc. #9].

On February 4, 2019, the Commissioner ("defendant") filed the Certified Transcript of the Administrative Record. [Doc. #10]. On April 5, 2019, plaintiff filed a motion to reverse the decision of the Commissioner. [Doc. #12]. On June 14, 2019, after seeking and receiving an extension of time, see Docs. #14, #15, defendant filed a motion to affirm the decision of the Commissioner. [Doc. #17].

On August 15, 2019, the undersigned issued a Ruling granting plaintiff's motion to reverse, to the extent plaintiff sought a remand for further administrative proceedings. See Doc. #18. Judgment entered in plaintiff's favor on August 20, 2019. [Doc. #19].

On November 12, 2019, plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, along with an itemization of the hours incurred in prosecuting this matter. [Doc. #21]. On November 21, 2019, defendant filed a "Stipulation to Award Attorney Fees and Costs" (hereinafter the "Fee Stipulation"). Doc. #24 (sic).

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated

to review the fee application and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed plaintiff's itemization of hours incurred to determine whether the stipulated amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Fee Stipulation [**Doc. #24**], and **GRANTS** the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [**Doc. #21**], for the stipulated amount of **$5,500.**

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial

disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

In the itemization of the hours incurred in prosecuting this matter, plaintiff's attorney claims fees in the amount of $5,903.81, for 29.1 hours at the rate of $202.88 per hour. See Docs. #21 at 1, #21-1 at 2. The parties have now reached an agreement under which defendant would pay a total of $5,500.00 in fees, which represents approximately 27.1 hours of attorney time. See Doc. #24. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[1] This Court has a duty to review plaintiff's itemized time

---

[1] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

4

log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court having partially granted plaintiff's motion to reverse and having ordered a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[2] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 27.1 hours of attorney time, reduced from the total 29.1 hours actually

---

[2] Plaintiff's motion is timely as it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

incurred. See Docs. #21, #24. The administrative transcript in this case was comprised of 424 pages and plaintiff's counsel submitted a thorough and well-reasoned brief. Additionally, plaintiff's counsel did not represent plaintiff during the administrative proceedings. The Court finds the time reasonable for the work claimed, including: preparation of the Complaint [Doc. #1]; review of the administrative transcript [Doc. #10]; preparation of the the motion to reverse [Doc. #12]; and preparation of the joint statement of material facts [Doc. #12-2]. Cf. Rodriguez v. Astrue, No. 08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (citations and quotation marks omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014). The Court further finds that the 27.1 hours claimed is reasonable; "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations and quotation marks omitted); Cobb

v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009).

Accordingly, the Court finds that the stipulated time is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of $5,500 in fees is appropriate. Accordingly, the Court **APPROVES and SO ORDERS** the parties' Fee Stipulation [**Doc. #24**], and **GRANTS** the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [**Doc. #21**], for the stipulated amount of **$5,500.**

SO ORDERED at New Haven, Connecticut this 21st day of November, 2019.

                                        /s/
                                 Hon. Sarah A. L. Merriam
                                 United States Magistrate Judge